IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joseph L. Hazel *a/k/a* Joseph Hazel, | ) | C/A No. 8:14-cv-04435-TMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| John Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's motion to amend the Petition [Doc. 39] and Respondent's motion for summary judgment [Doc. 49]. Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on November 12, 2014.[1] [Doc. 1.] On March 16, 2015, Petitioner filed a motion to amend the Petition. [Doc. 39.] On March 23, 2015, Respondent filed a response in opposition to the motion to amend the Petition [Doc. 44]; Petitioner filed a reply on April 6, 2015 [Doc. 52]. On April 3, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 48, 49.] On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on November 12, 2014. [*See* Doc. 1-12 (envelope, marked as received by the prison mailroom on November 12, 2014).]

procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 50.] On May 26, 2015, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 60.] On April 8, 2015, the Court directed Respondent to supplement the record with file-stamped copies of the remittitur(s) in Petitioner's direct and PCR appeal(s) so that this Court could adequately consider Respondent's statute of limitations defense. [Doc. 54.] Respondent supplemented the record on April 17, 2015. [Doc. 56.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## **BACKGROUND**

Petitioner is presently confined in the South Carolina Department of Corrections at Turbeville Correctional Institution pursuant to orders of commitment of the Berkeley County Clerk of Court.[2] [Doc. 1 at 1; Doc. 65 (notice of change of address to Turbeville Correctional Institution).] In March 1999, Petitioner was indicted for murder. [App.

---

[2]At the time he filed the Petition, Petitioner was confined at Allendale Correctional Institution, where the warden is Respondent John Pate [Doc. 1 at 1], but on June 17, 2015, Petitioner filed a notice of change of address updating his address to Turbeville Correctional Institution [Doc. 65]. A prisoner's immediate custodian—the warden of the facility where the prisoner is being held—is the proper respondent in a habeas corpus action because the immediate custodian has the power to produce the prisoner's body before the habeas court. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). If a prisoner properly files a habeas petition naming the prison warden as the respondent and is relocated to another prison before the court decides whether or not to grant the petition, the court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441 (discussing *Ex parte Endo*, 323 U.S. 283 (1944)). Thus, this Court retains jurisdiction over the Petition following Petitioner's transfer to Turbeville Correctional Institution.

163–64.[3]]  On September 30, 1999, represented by Diedreich P. Von Lehe, III ("Von Lehe"), Petitioner pled guilty to voluntary manslaughter.  [App. 1–21.]  Petitioner was sentenced to thirty years imprisonment.  [App. 21.]  No direct appeal was filed.

**PCR Proceedings**

### First PCR Application

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on April 10, 2000.  [App. 23–45.]  Petitioner subsequently amended his PCR application.  [App. 46–63.]  In his amended PCR application, Petitioner alleged he was being held in custody unlawfully based on the following grounds:

- Involuntary Guilty Plea
- Ineffective Assistance of Counsel
- Denied Right to Appeal
- Denied Due Process of Law
- Unlawful Indictment on Charge of Murder

[App. 47.]  The State filed a return, dated March 13, 2001.  [App. 64–71.]

A hearing was held on August 15, 2001.  [App. 72–136.]  On August 28, 2001, the PCR court issued an order denying the PCR application.  [Doc. 150–56.]

Wanda H. Haile of the South Carolina Office of Appellate Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina, dated July 10, 2002.  [Doc. 46-1 at 92–99.]  The petition asserted the following as the sole question presented:

> Was trial counsel ineffective in allowing petitioner to plead guilty to the lesser offense of voluntary manslaughter when the evidence established that a plea on the lesser

---

[3]The Appendix can be found at Docket Entry Number 46.

offense of involuntary manslaughter was an option that should
have been pursued in the case?

[*Id.* at 94.]  After multiple filings, some of which were filed pro se, [Docs. 46-1 at 82–91; 46-2; 46-3; 46-5; 46-6], the court denied the petition on January 10, 2003 [Doc. 46-1 at 81] and remitted the matter to the lower court on February 5, 2003 [Doc. 46-1 at 80].

### *Second PCR Application*

Petitioner, proceeding pro se, filed a second PCR application on November 20, 2003.  [Doc. 46-1 at 50–55.]  Petitioner stated the following as his grounds for relief, quoted substantially verbatim:

> (a)     Ineffective assistance of "PCR" Counsel ← (PCR Counsel)
>
> (b)     Ineffective assistance of "Trial" Counsel ← (Trial Counsel)

[Doc. 46-1 at 51.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> 1 PCR Counsel failed to properly preserve Issues for appeal, 2 PCR Counsel failed to Subpoena Requested witnesses, 3 PCR Counsel failed to object, or preserve for appellate Review, prejudicial and bias comments made by the Court/ 4 Trial Counsel should not have advised applicant to plead guilty to voluntary manslaughter under the pretense of hand of one hand of all.

4

[Doc. 46-1 at 51.]  The State filed a return and motion to dismiss, dated January 12, 2003.[4]

[Doc. 46-1 at 38–49.]  In the motion to dismiss, the State argued Petitioner's second PCR

application should be summarily dismissed as successive and untimely.  [*Id.*]

On November 29, 2005, following a October 24, 2005 hearing at which Petitioner

was represented by Edward J. Dennis, IV ("Dennis"),[5] the PCR court granted the State's

motion to dismiss and denied and dismissed Petitioner's second PCR application.  [Doc.

46-1 at 24–37.]

Petitioner attempted to appeal, but the Supreme Court of South Carolina dismissed

the appeal on August 21, 2006 because Petitioner failed to timely serve the notice of

appeal.  [Doc. 46-10.]  Remittitur was issued on September 6, 2006.  [Doc. 46-11.]

### Third PCR Application

Petitioner, proceeding pro se, filed a third PCR application on September 19, 2006.

[Doc. 46-1 at 18–23.]  Petitioner stated the following as his ground for relief, quoted

substantially verbatim:

> (a)    Austin Petition/PCR Counsel Failed to file appeal
> Coun[s]el name "Edward Dennis"

[Doc. 46-1 at 19.]  The State filed a return and motion to dismiss, dated March 29, 2007

[Doc. 46-1 at 10–17], and an amended return and motion to dismiss, dated May 8, 2007

---

[4]The January 12, 2003 date appears to be a scrivener's error in that Petitioner's second PCR application was filed on November 20, 2003, and the certificate of service accompanying the return and motion to dismiss is dated January 14, 2004 [Doc. 46-1 at 49].

[5]The record before the Court does not include the October 24, 2005 hearing transcript.  However, the PCR court's order of dismissal indicates a hearing was convened on October 24, 2005.  [Doc. 46-1 at 24.]

[Doc. 46-12]. In the amended motion to dismiss, the State argued Petitioner's third PCR application should be summarily dismissed as successive and untimely. [*Id.*]

On September 10, 2007, following a May 29, 2007 hearing,[6] the PCR court denied and dismissed Petitioner's third PCR application; however, the court allowed Petitioner to seek a belated appeal of the denial of his second PCR application[7] pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).[8] [Doc. 46-1 at 4–8.]

---

[6]The record before the Court does not include the May 29, 2007, hearing transcript. However, the PCR court's order of dismissal indicates a hearing was held on May 29, 2007. [Doc. 46-1 at 4.]

[7]Although the PCR court's order refers to a belated appeal of both his first and second PCR applications [Doc. 46-1 at 7 (stating Petitioner was "entitled to a belated review of the denial of his second PCR application"), 8 (stating counsel for Petitioner should "file a Notice of Appeal to secure the appropriate appellate review of [Petitioner's] first post-conviction relief action")], it appears the reference to a belated appeal of his first PCR application was a scrivener's error because Petitioner's counsel in his first PCR application filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina and Petitioner's ground for relief in his third PCR application referenced the failure of PCR counsel "Edward Dennis," who represented Petitioner in his second PCR application.

[8]As the South Carolina Supreme Court has explained,

> This Court has allowed successive PCR applications where the applicant has been denied complete access to the appellate process. Under the PCR rules, an applicant is entitled to a full adjudication on the merits of the original petition, or "one bite at the apple." This "bite" includes an applicant's right to appeal the denial of a PCR application, and the right to assistance of counsel in that appeal.
>
> An *Austin* appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review.

* * *

6

Petitioner appealed, and the Supreme Court of South Carolina dismissed the appeal on November 7, 2007. [Doc. 46-13.] Remittitur was issued on November 26, 2007. [Doc. 46-14.] Plaintiff filed a request for rehearing [Doc. 46-15], and the Supreme Court of South Carolina filed an order, dated November 29, 2007, recalling the remittitur from the lower court so that it could consider Petitioner's motion [Doc. 46-17]. On January 10, 2008, the Supreme Court of South Carolina denied Petitioner's motion and issued remittitur. [Docs. 46-18, 46-19.]

### *Fourth PCR Application*

Petitioner, proceeding pro se, filed a fourth PCR application on July 22, 2009. [Doc. 46-20.] Petitioner stated that the application was being filed under S.C. Code Ann. § 17-27-45(C) and contended:

> 1) That he is Actually Innocent of the crime of voluntary manslaughter, & that he has "proof" that is clear & plain on it's Face
>
> 2) That his 5th Amendment Rights were violated in a Fashion that Amounts to a plain & Revers[i]ble error, that is undisp[ut]able
>
> 3) That his due process Rights were violated by the Courts non-compliance with mandatory Rules of evidence which is undisputable & Demands Reversal
>
> 4) That he is entitled to a new PCR hearing in full, Due to violations of his 14th Amendment Rights by the PCR Court, due to the Court's Non-compliance with Rules of Civil Procedure, Rule 52(A), & Due to the Fact that the Court

---

*Austin* appeals are considered "belated appeals" and are used to rectify unjust procedural defects, such as when an attorney does not file a timely appeal.

*Odom v. State*, 523 S.E.2d 753, 755–57 (S.C. 1999) (citations and footnote omitted).

> showed "Blatant" prejudice & Bias against the Applicant at his
> 1st PCR hearing denying him his "one full bite of the Apple" in
> accordance with <u>Pruitt v. State, 423 S.E.2d 127</u>

[Doc. 46-20.]  The State filed a return and motion to dismiss, dated March 2, 2010.  [Doc. 46-21.]  In the motion to dismiss, the State argued Petitioner's fourth PCR application should be summarily dismissed as successive and untimely.  [*Id.*]

On March 10, 2010, the PCR court filed a conditional order of dismissal.  [Doc. 46-22.] In the conditional order, the court expressed its intent to summarily dismiss the matter as successive and untimely but granted Petitioner twenty days to show why the order should not become final.  [*Id.*] Petitioner filed a "Reply/Motion to Show Cause," dated April 16, 2010.  [Doc. 46-24.]  On June 28, 2010, the PCR court filed a final order, denying and dismissing with prejudice the application for the reasons set forth in the conditional order of dismissal.  [Doc. 46-25.]

### *Fifth PCR Application*

Petitioner, proceeding pro se, filed a fifth PCR application on December 17, 2012. [Doc. 46-26.]  Petitioner stated following ground for relief:

> Ineffective Assistance of PCR Counsel

[*Id.* at 3.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)     Newly Discovered evidence/US Supreme Court Ruling
>          Martinez v. Ryan 566 U.S. 132 Sct 1309
>
> (b)     Counsel Failed to Properly present & preserve issues
>
> (c)     Counsel Failed to Raise Ineffective Assistance Claim
>          that would have Reulted in Reversal.

8

[*Id.* at 4.]  The State filed a return and motion to dismiss, dated September 25, 2014.  [Doc. 46-27.]  In the motion to dismiss, the State argued Petitioner's fifth PCR application should be summarily dismissed as successive and untimely.  [*Id.*]

On March 10, 2010, the PCR court filed a conditional order of dismissal.  [Doc. 46-28.]  In the conditional order, the court expressed its intent to dismiss the application with prejudice but granted Petitioner twenty days to show why the order should not become final.  [*Id.*]  Respondent represents that Petitioner's fifth PCR application was still pending as of the date Respondent filed its return and memorandum.  [Doc. 48 at 9.]

**Petitions for Writ of Habeas Corpus**

### *First Federal Habeas Petition*

After the remittitur was issued in Petitioner's first PCR application but before he filed his second PCR application, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus ("the First Federal Habeas Petition") in this Court.  [C/A No. 2:03-cv-01983-MJP (the "2003 Case") Doc. 1.]  However, the Honorable Matthew J. Perry signed a voluntary dismissal order on September 30, 2003, dismissing the First Federal Habeas Petition at Petitioner's request.  [2003 Case Doc. 11.]  On September 17, 2009, Petitioner filed a motion to reopen the First Federal Habeas Petition.  [2003 Case Doc. 13.]  After the court issued an order to show cause and Petitioner filed a supplement to his motion to reopen the First Federal Habeas Petition, the Honorable Matthew J. Perry denied Petitioner's motion to reopen on March 5, 2010.  [2003 Case Doc. 25.]

### *Current Federal Habeas Petition*

Petitioner filed this Petition for writ of habeas corpus on November 12, 2014.  [Doc.

1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim, in his

Petition pursuant to 28 U.S.C. § 2254:

|  |  |
|---|---|
| **GROUND ONE:** | Actual Innocence |
| *Supporting facts*: | Lack of Intent to kill, Lack of provocation From victim, both essential elements necessary to be guilty of voluntary manslaughter/and-or murder.  See Attached. |
| **GROUND TWO:** | Involuntary guilty plea. |
| *Supporting facts*: | was not sworn in; Did not waive Right to Confront Accus[]er Against me; Did not waive Right Against compulsory SelF-Incrimination; Did not Fully understand Law in Relation to the Facts; Did not have knowledge oF mandatory penalties.  See Attached. |
| **GROUND THREE:** | Ineffective Assistance of trial counsel (Plea) |
| *Supporting facts:* | Counsel Failed to Fully inform petitioner of options, that Involuntary manslaughter was also a lesser Included offense of murder - See Attached.<br>Counsel Failed to object to known False testimony at guilty plea hearing, by Solicitor - See Attached<br>Counsel Improperly Advised petitioner to plead to voluntary manslaughter - See Attached |

[Doc. 1 at 5–8.]  As stated, Petitioner filed a motion to amend the Petition on March 16,

2015 [Doc. 39], and Respondent filed a motion for summary judgment on April 3, 2015

[Doc. 49].  These motions are ripe for review.

10

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of her claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

13

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (I) there is an absence of available State corrective process; or

14

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[9]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

---

[9]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

17

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a

18

"fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

19

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred.  [Doc. 48.]  Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

Petitioner did not filed a direct appeal following his sentence entered on September 30, 1999.  Therefore, the state court judgment became final upon the expiration of the ten-day period in which he could have filed a direct appeal, which was October 12, 1999.[10]  *See* Rule 203(b)(2), SCACR.  The statute of limitations for Petitioner's § 2254 Petition began to run on October 12, 1999.  *See* 28 U.S.C. § 2244(d)(1)(A) ("the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner filed his first PCR application on April 10, 2000 [App. 23–45], such that 181 days of the one-year limitations period had expired before Petitioner filed his first PCR application.  The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from April 20, 2000 until February 5, 2003, when the Supreme Court of South Carolina issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 46-1 at 80].[11]  Therefore, the one-year limitations

---

[10]Pursuant to Rule 263(a) of the South Carolina Appellate Court Rules, when calculating time, the last day of the period is to be included "unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday."  Because the ten-day period for Petitioner to file a direct appeal expired on Sunday, October 10, 1999, and Monday, October 11, 1999, was Columbus Day, Petitioner had until Tuesday, October 12, 1999 to timely file his direct appeal.

[11]The Court is aware that at least one district judge in this district has held that final disposition of a postconviction proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court.  *Beatty v. Rawski*, Civil Action No. 1:13-3045-MGL-

21

period began to run again on February 5, 2003 and expired 184 days later on August 8, 2003.

Petitioner filed his second PCR application on November 20, 2003 [Doc. 46-1 at 50–55]; his third PCR application on September 19, 2006 [Doc. 46-1 at 18–23]; his fourth PCR application on July 22, 2009 [Doc. 46-20]; and his fifth PCR application on December 17, 2012 [Doc. 46-26]—all well after the AEDPA limitations period expired.  Therefore, because Petitioner's second, third, fourth, and fifth PCR applications were filed outside the AEDPA limitations period, these PCR applications did not additionally toll the one-year limitations period.  Further, the First Federal Habeas Petition did not additionally toll the one-year limitations period because the filing of a federal habeas petition does not toll the AEDPA limitations period.  *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition").  As a result, the Petition—filed on November 12, 2014, more than eleven years after the expiration of the limitations period—is time barred.

**Equitable Tolling**

In his Petition, reply to the motion to amend the Petition, and response in opposition to the motion for summary judgment, Petitioner argues that *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012), allows him to bring his untimely claims [Docs. 1 at 13–14; 1-2; 1-13]; that he is actually innocent [Docs. 52; 60 at 12]; that the one-year limitations period is

---

SVH, 2015 WL 1518083 (Mar. 31, 2015).  However, in this case, using the filing date of the remittitur would not change the outcome.  The remittitur was filed on February 7, 2003, two days after it was issued.  [Doc. 56 at 1.]  As discussed infra, the Petition was filed more than eleven years after the expiration of the limitations period; accordingly, the two-day delay in filing the remittitur is of no consequence in this case.

not equitable because South Carolina prisons are grossly overcrowded and, therefore, he has been severely limited in time and access to the law library [Doc. 60 at 9–10]; that he has been diligently pursuing his rights [*id.* at 10]; and that he is in a unique situation because he has been denied crucial rights at every stage [*id.* at 10–12]. For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[12]   The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client.  *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from

---

[12]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing his Petition within the statute of limitations. With respect to Petitioner's assertion that *Martinez* allows him to bring an untimely claim, *Martinez* is inapplicable because it has no bearing on the statute of limitations analysis, but can merely excuse a procedural default in an otherwise viable federal habeas claim. *Price v. Warden McCormick Corr. Inst.*, No. 8:13-cv-700-RMG, 2014 WL 358434, at *2 (D.S.C. Jan. 31, 2014).

With respect to Petitioner's argument that he is actually innocent, the Court notes that a habeas corpus petitioner's failure to comply with the statute of limitations may be excused if he presents newly-discovered, reliable evidence of his actual innocence. *McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013). In *McQuiggin*, the Supreme Court held that

> actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House* [*v. Bell*, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*McQuiggin*, 133 S.Ct. at 1928 (some alterations in *McQuiggin*).  The Court explained, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."  *Id.*  To establish actual innocence, a petitioner would have to show "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, the Court must evaluate Petitioner's claim of actual innocence under the standard set forth in *Schlup* coupled with the well-held regard for the finality of guilty pleas. Petitioner's arguments do not satisfy this demanding standard.  Petitioner has failed to set forth any new evidence and, indeed, concedes that he has no new evidence.  [Docs. 52; 60 at 25–26.]  Instead, Petitioner argues he does not need to present new evidence in this case because the facts in this case fail to establish the essential elements of either the crime for which he was indicted or the crime to which he plead guilty.  [Docs. 52; 60 at 25–26.]  However, the actual innocence exception does not apply without new evidence of innocence.  *See Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because the Petitioner could provide "no new evidence at all, . . . his assertion of actual innocence fails").  Accordingly, because Petitioner has failed to set forth any new evidence to support his actual innocence claim, Petitioner has failed to establish that he is actually innocent and is not entitled to equitable tolling on such basis.

With respect to Petitioner's assertion that he has been severely limited in time and access to the law library, alleged inadequacies related to prison law libraries do not toll the statute of limitations. *Samuels v. Cohen*, No. 9:06-3345-RBH, 2007 WL 1732118, at *7 (D.S.C. Jun. 11, 2007); *see also Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (holding that absence of the AEDPA from the prison law library for several months did not justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999) (refusing to toll limitations period where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (holding that allegations that the law library was inadequate do not toll the statute of limitations). Additionally, to the extent Petitioner is claiming ignorance of the law, such ignorance likewise is insufficient to justify equitable tolling. As the Fourth Circuit Court of Appeals has held, in the context of equitable tolling of the statute of limitations, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted); *see also Harris*, 209 F.3d at 33–31 (holding that unfamiliarity with the legal process, lack of representation, or illiteracy are not grounds for equitable tolling).

Petitioner has not provided any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED. It is further

recommended that Petitioner's motion to amend the Petition be DENIED as futile because the Petition is time barred.[13]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 7, 2015
Greenville, South Carolina

---

[13] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given when justice so requires. "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986)). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also Rambus, Inc. v. Infineon Techs., AG*, 304 F.Supp.2d 812, 819 (E.D. Va. 2004); *Robinson v. GEO Licensing Co., L.L.C.*, 173 F.Supp.2d 419, 423 (D. Md. 2001). Here, the amendment would be futile because the action is time barred.