IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Joseph L. Hazel a/k/a Joseph Hazel, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 8:14-4435-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| John Pate, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 49) be granted and the petition denied. (ECF No. 66). Petitioner was advised of his right to file objections to the Report, and he filed timely objections. (ECF No. 77).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his objections, Petitioner, who pled guilty to voluntary manslaughter, claims that the magistrate judge erred by finding his petition time barred. (ECF No. 77). In her well-written

1

Report, the magistrate judge found that Petitioner failed to make the requisite showing of "actual innocence" because he failed to introduce newly-discovered evidence. (ECF No. 66 at 25–26). Petitioner claims that he does not need to introduce newly-discovered evidence to be excused from complying with the statute of limitations. (ECF No. 77). Petitioner asserts that he pled guilty to a crime based on a misunderstanding of South Carolina law. (ECF No. 77 at 3). The court finds that Petitioner must introduce newly-discovered evidenced to be excused from complying with the statute of limitations. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); *Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003) (holding that because "[Petitioner] offers no new evidence at all, . . . his assertion of actual innocence fails on this basis"). Because Petitioner failed to introduce newly-discovered evidence, he cannot avail himself to the actual innocence exception to the statute of limitations.

The court has thoroughly reviewed the Report and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 66) and incorporates it herein. It is therefore **ORDERED** that Respondent's motion for summary judgment (ECF No. 49) is **GRANTED** and Petitioner's petition is **DENIED**. Further, Petitioner's motion to amend the Petition (ECF No. 39) is **DENIED** as futile because the Petition is time barred.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find

both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

December 21, 2015
Anderson, South Carolina